UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEE FRANKLIN WARE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01567-TWP-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

Petitioner Lee Franklin Ware filed an amended motion for relief pursuant to 28 U.S.C. § 2255 arguing that under *Johnson v. United States*, 135 S.Ct. 2551 (2015), his sentence was unconstitutionally enhanced and he must be resentenced. For the reasons stated below, the motion for relief is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.*

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Section 2255 permits a federal court to grant relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

On March 24, 2005, Mr. Ware was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Mr. Ware was sentenced to 180 months. The 180 month sentence was based upon the Court's finding that Mr. Ware was an armed career criminal under 18 U.S.C. § 924(e) (Armed Career Criminal Act) (ACCA). The court found Mr. Ware to be an armed career criminal after finding that he had at least three qualifying prior convictions that supported the ACCA enhancement. Specifically, Mr. Ware's Indiana convictions for attempted rape and burglary qualified as "violent felonies."

On June 26, 2015, the United States Supreme Court held that the "residual" clause of the Armed Career Criminal Act ("ACCA") was unconstitutional based on vagueness. *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* was determined to announce a new substantive rule of constitutional law that applied retroactively to ACCA defendants. *Welch v. United States,* 136 S.Ct. 1257 (2016). Thus, only prior convictions that qualify as violent felonies under the "enumerated offenses" clause or "force" clause of the ACCA can be used to enhance a sentence under that statute.

Mr. Ware asserts that, under *Johnson*, his convictions for burglary do not qualify as crimes of violence under the "enumerated offenses" clause or the "force" clause of the ACCA and his sentence was therefore improperly enhanced. Unfortunately for Mr. Ware, *United States v. Perry*, held that "Indiana burglary convictions [a]re valid predicate offenses under § 924(e)(2)(B)(ii)." 862 F.3d 620, 624 (7th Cir. 2017) (regarding Class C burglary). Shortly thereafter, in *United States v. Foster*, the Seventh Circuit held that *Perry* covers both Indiana Class C and Indiana Class B burglary. 877 F.3d 343 (7th Cir. 2017). The court then summarized those holdings in *United States v. Schmutte*, 709 Fed. App'x 375 (7th Cir. Jan. 23, 2018) (unpublished). Under these holdings, *Johnson* does not apply to invalidate a sentence enhancement based on an Indiana burglary

conviction.

After these rulings were issued counsel for the petitioner moved to withdraw her appearance on the petitioner's behalf. That motion, was granted and the now *pro se* petitioner was given a period of time to show cause why this action should not be dismissed as lacking merit under *Perry, Foster, and Schmutte.* That time has passed without a response from the petitioner.

The Court now **dismisses** this action pursuant to Rule 4 because the holdings in *Perry, Foster, and Schmutte* foreclose the petitioner's challenge to his sentence.

Judgment consistent with this Entry shall now issue. A **copy of this Entry shall be docketed in No. 1:05-cr-0033-TWP-MJD-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 4/18/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

Lee Franklin Ware
Reg. No. 07766-028
St. Louis RRM
1222 SPRUCE ST, SUITE 6.101
ST LOUIS, MO  63103